**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CODIE MATHISON,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA COAST CREDIT UNION, INC.; EQUIFAX INFORMATION SERVICES, LLC.,**<br><br>Defendants. | **Case No.:** '17CV1392 H   BGS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;**<br><br>**2.) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress enacted the Fair Credit Reporting Act ("FCRA") to ensure fair and accurate credit reporting, promote efficiency, and protect consumers' privacy. "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' 15 U.S.C. § 1681(a)(4). In addition, to ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

2.  Plaintiff, CODIE MATHISON, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, CALIFORNIA COAST CREDIT UNION, INC., ("CAL COAST") and EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX") regarding Defendants' reporting of inaccurate credit information and/or the failure to maintain reasonable procedures to assure maximum possible accuracy of information contained in a consumer's credit report.

3.  Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorney.

4.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

5.  Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California and any correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

7. At all times relevant, Plaintiff was an individual residing within the State of California.

## JURISDICTION AND VENUE

8. This action arises out of Defendants' violations of: (i) The Fair Credit Reporting Act, ("FCRA") 15 § U.S.C. § 1681, *et seq.*; and (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785.25(a).

9. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 28 U.S.C. § 1367 for supplemental state law claims.

10. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

11. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

12. Plaintiff, CODIE MATHISON, ("Plaintiff") is a natural person who resides in the City of Santee, County of San Diego, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

13. Defendant, CALIFORNIA COAST CREDIT UNION, INC., ("CAL COAST") is a California corporation.

14. CAL COAST is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

15. CAL COAST regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about their transactions or experiences with consumers and therefore is regulated as a "furnisher" under Cal. Civ. Code § 1785.25(a).

16. Defendant, EQUIFAX INFORMATION SERIVCES, LLC., ("EQUIFAX") is an Georgia limited liability company.

17. EQUIFAX regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d) (and collectively referred to as "credit reporting agency" or "consumer reporting agency" or "consumer credit reporting agency").

## FACTUAL ALLEGATIONS PERTAINING TO CAL COAST

18. On or about February 3, 2017, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of California in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 17-00652-MM7 (the "Bankruptcy").

19. On or about February 3, 2017, a Bankruptcy Notice Certificate ("BNC") was sent to all of Plaintiff's creditors, including CAL COAST, advising them of the Bankruptcy.

20. On May 9, 2017, Plaintiff was granted a Bankruptcy discharge.

21. On or about May 9, 2017, a second BNC notice was sent to all of Plaintiff's creditors, including CAL COAST, advising them of the Bankruptcy discharge.

22. None of Plaintiff's creditors in the Bankruptcy filed any proceedings to declare their debt "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

23. Accordingly, all debts at issue in this action were included and discharged through the Bankruptcy.

24. However, CAL COAST has been falsely reporting that a credit card debt (Account No. 9864-x) ("the Credit Card") with a balance of $4,901 was reaffirmed by Plaintiff and is therefore still due and owing to CAL COAST. This debt was not reaffirmed by Plaintiff and CAL COAST's credit reporting is categorically false.

25. Reaffirmation is a process in which a debtor who files bankruptcy may *voluntarily* reaffirm an otherwise dischargeable debt. Reaffirmation effectively continues the debt obligation as though the bankruptcy petition had not been filed, even though the debt is otherwise dischargeable.

26. Reaffirmation is not mandated by the bankruptcy code. Rather it is a voluntary and requires both the debtor's and creditor's consent in writing.

27. Credit card debt is most often reaffirmed because the creditor is seeking to induce a debtor to reaffirm a debt in exchange for keeping the account, and credit line, active.

28. In Plaintiff's case, CAL COAST attempted to induce Plaintiff to reaffirm the Credit Card with the promise that she would be able to keep using the Credit Card, and the available credit line, after the Bankruptcy.

29. Plaintiff's bankruptcy counsel sought to confirm this only to find out that CAL COAST actually intended to close the Credit Card account and cancel the credit line regardless of whether or not Plaintiff reaffirmed the Credit Card debt.

30. Therefore, there was absolutely no reason for Plaintiff to reaffirm the Credit Card debt and on March 20, 2017, Plaintiff's bankruptcy counsel sent CAL COAST an email stating, "***My client will not be reaffirming the credit card***."

31. This email was sent to the CAL COAST "bankruptcy specialist" who was assigned to, and in charge of, Plaintiff's accounts, including the Credit Card.

32. CAL COAST confirmed receipt of this email.

///

33. Despite being specifically advised that that Plaintiff would "not be reaffirming the credit card" CAL COAST proceeded to report false and inaccurate information on Plaintiff's credit that she had in fact reaffirmed the Credit Card debt.

34. Specifically, CAL COAST furnished information to one or more "consumer credit reporting agenc[ies]" as defined by Cal. Civ. Code § 1785.3(d) as follows:

   a. In June of 2017, CAL COAST reported that there had been a "reaffirmation of debt" with respect to the Credit Card debt;

   b. In June of 2017, CAL COAST reported a balance of $4,901 on the Credit Card;

   c. In June of 2017, CAL COAST reported a "collection" status on the Credit Card (which is interrupted by potential creditors to mean the debt is still due and owing and therefore subjection to debt collection activity);

   d. In June of 2017, CAL COAST reported a "past due" amount of $4,901 (which is interrupted by potential creditors to mean the debt is still due and owing);

   e. In July of 2017, CAL COAST reported that there had been a "reaffirmation of debt" with respect to the Credit Card debt;

   f. In July of 2017, CAL COAST reported a balance of $4,901 on the Credit Card;

   g. In July of 2017, CAL COAST reported a "collection" status on the Credit Card (which is interrupted by potential creditors to mean the debt is still due and owing and therefore subjection to debt collection activity);

   h. In July of 2017, CAL COAST reported a "past due" amount of $4,901 (which is interrupted by potential creditors to mean the debt is still

1    due and owing);

2      i.  CAL COAST's erroneous reporting continues through the date of the

3    filing of this action.

4    35.  This information is incomplete and/or inaccurate for the following reasons:

5      a.  Plaintiff never reaffirmed the Credit Card debt;

6      b.  The Credit Card debt was discharged, in its entirety, though Plaintiff's

7    Bankruptcy;

8      c.  Plaintiff never executed a written reaffirmation agreement required by

9    11 U.S.C. § 524;

10      d.  No reaffirmation agreement was ever filed with the Bankruptcy Court

11   as required by 11 U.S.C. § 524(c)(3);

12      e.  No declaration or affidavit of Plaintiff's bankruptcy counsel was ever

13   filed with the Bankruptcy Court as required by 11 U.S.C. § 524(c)(3);

14      f.  With respect to the Credit Card debt, Plaintiff did not receive the

15   written disclosures required by 11 U.S.C. § 524(c)(2) and 11 U.S.C. §

16   524(k), including but not limited to, a written disclosure of the (i) the

17   amount reaffirmed; (ii) the annual percentage rate; or (iii) a summary

18   of the reaffirmation agreement;

19   36.  CAL COAST knew, or should have known, the information they reported was

20   incomplete and/or inaccurate as:

21      a.  CAL COAST is well aware of the requirements of 11 U.S.C. § 524 as

22   they employ "bankruptcy specialists" for the specific purpose of

23   processing Section 524 reaffirmation agreements;

24      b.  CAL COAST is well aware of the fact Plaintiff never agreed to

25   reaffirm the Credit Card debt;

26      c.  CAL COAST is also well aware of the fact Plaintiff never executed a

27   written agreement reaffirming the Credit Card debt;

28      d.  Last, and most importantly, CAL COAST was specifically advised in

writing that Plaintiff would ***"not be reaffirming the credit card."***

37.  Through this conduct, CAL COAST violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that CAL COAST knew, or should have known, was inaccurate and/or incomplete.

38.  The forgoing instances of CAL COAST reporting false, inaccurate, and/or incomplete credit information as described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of CAL COAST's conduct, Plaintiff has suffered damages though the denial of credit, by mental and emotional pain and anguish, humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct CAL COAST's inaccurate and derogatory reporting without success.

## FACTUAL ALLEGATIONS PERTAINING TO EQUIFAX

39.  On June 9, 2017, EQUIFAX prepared a "tri-merged" credit report *i.e.* a credit report which contained information from each of the "big three" credit reporting agencies (Equifax, Trans Union and Experian).

40.  When Equifax prepares tri-merged credit reports, and when they prepared the specific credit report of Plaintiff at issue, they obtain information from Experian and Trans Union to prepare their credit report.

41.  However, when EQUIFAX prepares a tri-merge credit report it contains separately prepared reviews, assessments, evaluations, findings, conclusions, and comments based on the information it obtains from other sources including Trans Union and Experian.

42.  Specifically, EQUIFAX's tri-merge credit reports contain:

   a.  Credit scores bearing on the consumer's credit worthiness which are "calculated by Equifax using the information contained in your

Equifax, Experian, and TransUnion credit reports;"

b. A "loan risk rating" detailing "factors" that "lenders consider.. when making credit decisions;"

c. A "credit summary" which "highlights the information in [a consumer's] credit file that is most important in determining [a consumer's] credit standing" and "distilling key credit information into one easy-to-read summary."

43. EQUIFAX charges consumers an additional monetary fee for these findings, conclusions, and comments.

44. Plaintiff's June 9, 2017, tri-merge credit report contained such separately prepared reviews, assessments, evaluations, findings, conclusions, and comments based on the information it obtained from other sources including Trans Union and Experian.

45. Plaintiff's June 9, 2017, tri-merge credit report contained various inaccuracies regarding two auto loans with CAL COAST.

46. Specifically, in Plaintiff's tri-merge EQUIFAX credit report there were "delinquencies" (*i.e.* missed payments) in February 2017 on two separate auto loans with CAL COAST.

47. No such delinquencies exist. Plaintiff did not miss any payments on those two auto loans in February of 2017, no such delinquencies were reported to Experian, and Plaintiff's Experian credit report contains no reference to any such delinquencies.

48. Due to inadequate procedures, Plaintiff's EQUIFAX credit report contains delinquencies which do not exist.

49. Through this conduct, EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report.

///

50. The forgoing instances of EQUIFAX reporting false, inaccurate, and incomplete credit information, and failing to maintain adequate procedures, described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. The continued reporting of erroneous, inaccurate, and derogatory information has negatively impacted Plaintiff's attempts to secure credit. As a result of EQUIFAX's conduct, Plaintiff has suffered damages though the denial of credit, by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct EQUIFAX's inaccurate and derogatory reporting without success.

## FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ. [AGAINST ALL EQUIFAX]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

53. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each defendant named under this cause of action, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

///
///
///

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. § 1681, ET SEQ.
## [AGAINST ALL EQUIFAX]

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq*.

56. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF
## THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## ("CCRAA") CAL. CIV. CODE § 1785.25(A)
## [AGAINST CAL COAST]

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

59. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

60. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code §

1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

61.   Because Defendant is a partnership, corporation, association, or other entity, and is therefore "person[s]" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

62.   The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity and denial of credit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendants' willful violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendants' negligent violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: July 10, 2017                     Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF


## TRIAL BY JURY

63.   Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: July 10, 2017                     Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF